UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PFRESOURCES, LLC,

    Plaintiff,

v.

GREGORY NEAL PATTERSON, *et al*.,

    Defendants.

Case No. 2:11-CV-01554-KJD-RJJ

**ORDER**

    Presently before the Court is the Motion to Dismiss of Defendant American Blackhorse Holdings, LLC (#10). Plaintiff filed a response in opposition and a Countermotion for Leave to Amend Complaint (#11) to which Defendant replied (#12).

<u>I. Background and Procedural History</u>

    Since March 24, 2009 Plaintiff has been conducting business in Clark County, Nevada. The Plaintiff conducts business under the names Principal Financial Resources and TrendShift. Plaintiff alleges it has used the trademark TrendShift in interstate commerce for a significant period of time and as a result the trademark has acquired "valuable goodwill" and "has become distinctive in connection with Plaintiff's services."

Plaintiff's services consist of assisting its commercial and municipal clients to reduce expenses and save money by evaluating and/or auditing each client's business and healthcare data. Plaintiff owns and utilizes proprietary working models, business strategies, and computer software.

In July or August of 2010 Defendants began conducting business under the name Trendline Health. Plaintiff claims Defendants have "illegally and improperly obtained access to Plaintiff's proprietary working models, business strategies, and computer software and are using same to promote their services to potential customers." Further Plaintiff alleges Defendants "directly solicited Plaintiff's principles [sic], agents, clients and potential clients and have actively attempted to join Defendants' company." Plaintiff maintains that the Defendants "at all relevant times had actual or constructive knowledge of Plaintiff's well-established rights to its proprietary working models, business strategies, and computer software."

On August 26, 2011 Plaintiff filed a Complaint in state court alleging, among other things, violations of the Trademark Act of 1946 (the "Lanham Act"). On September 27, 2011 Defendant American Blackhorse Holdings, LLC filed a Petition of Removal based on both original federal jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338 of the Lanham Act and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not served any of the individual Defendants named in the complaint.

II. Motion to Dismiss

Pursuant to Fed. R. Civ. P. Rule 12(b)(6), "failure to state a claim upon which relief can be granted," is basis to dismiss a complaint. FRCP 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts, which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation illustrates a two-prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the

assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. *Id*. at 1950. Here, without determining the issue of whether Plaintiff has rights to the trademark Trendshift, Plaintiff has adequately stated each claim. Accordingly, Defendant American Blackhorse Holdings, LLC's motion to dismiss is denied.

III. Countermotion for Leave to Amend

Fed. R. Civ. Pr. 15(a) provides that after service of a responsive pleading, a party may amend its pleadings "only by leave of the court...[which] leave shall be freely given when justice so requires." *Id*. In such instances, the Court balances the strong policy towards permitting amendment versus "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *See Schlacter-Jones v. General Telephone*, 936 F.2d 435, 443 (9th Cir. 1991)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Federal Rules are designed to permit pleading that facilitates a proper decision on the merits. *Schultz v. Wal-Mart Stores, Inc.*, 68 Fed. App. 181-82 (9th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)). Accordingly "the strong policy permitting amendment is to be applied with extreme liberality." *Id*. (quoting *Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). Here, allowing Plaintiff to amend its complaint would not cause an undue delay or undue prejudice. Accordingly, Plaintiff's countermotion for leave to amend is granted.

//
//
//
//
//

3

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant American Blackhorse Holdings, LLC's Motion to Dismiss (#10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion for Leave to Amend is **GRANTED**.

DATED this 25th day of July 2012.

_____
Kent J. Dawson
United States District Judge